Good morning. May it please the Court, Kristi Hughes from Federal Defenders on behalf of Mr. Barraza-Lopez. I'm going to attempt to reserve two minutes for rebuttal. The Speedy Trial Act requires reversal of the charges against Mr. Barraza-Lopez. First, the government waited more than 30 days to recharge Mr. Barraza-Lopez for the 2007 entry. And second, more than 70 days elapsed between his arraignment and the day he pleaded guilty. Both of these delays violated the Speedy Trial Act and require dismissal of the charges against him. Okay. Can you explain, I guess on the 30-day one, the other circuits who have addressed this issue have interpreted the statute to restart. Restart isn't quite the right thing. When the complaint was filed and then dismissed on the same day, other circuits would treat that as, as I understand it, as starting the clock, the 30-day clock again. And since it was, once the complaint was dismissed without prejudice and then they immediately refiled with the indictment on the second illegal reentry, that that would obviate any 30-day problem. Would you, let me put it, the question this way. If we had, if we follow other circuits, would then that have been appropriate to cure any 30-day problem or avoid any 30-day problem? Well, not necessarily. I think what's important in looking at those other out-of-circuit cases is, yes, that is, they're holding, but the facts in those cases are very different from ours. Okay. In one of them, for instance, in Biddle, the complaint was dismissed more than 30 days out. That's not our situation. In Krenicki, the magistrate court found there was no probable cause and dismissed one of the counts in the complaint. In ours, the government filed this complaint. The magistrate found there was probable charge, probable cause. The government declined to go forward on that, on that complaint, left the other counts pending, proceeded on those other, the two counts in the first indictment for 10 months. Right. They were proceeding on the first illegal reentry and the escape. Correct. They were proceeding on the indictment. And those charges remain pending. Ten months go by, and then the government decides that they're going to refile the count in the complaint that they dismissed. And that's less akin to what happened in those other out-of-circuit cases and more akin to what the rule is in this circuit, which is the rule in Palomba, which is the government files a complaint alleging three charges, neglects to go forward on one of those charges in the complaint, files an indictment, goes forward on the other charges, the other, those charges remain pending, and then decides later, out of time, out of the 30 days, to refile that initial charge in the complaint. And so I think the facts there in Palomba really dictate what the results should be in this case, regardless of the other circuit's interpretation of Section D1. Okay. Second, regarding the 70-day delay. Why is it that way? Well, below, in front of the district court, Mr. Barrales-Lopez challenged the entire amount of the delay, from when he was arrested in 2004 all the way up until he filed that motion. And his claim was that that was undue delay and it was prejudicial. Now, in support of that claim, he raised a constitutional argument. He raised the speedy trial right in the Sixth Amendment. Now, here, all we're doing is addressing a different argument in support of that same claim that we've raised all along. It's now a statutory argument under the Speedy Trial Act and under Bloat, which the Supreme Court issued after Mr. Barrales-Lopez pleaded guilty. But Mr. Barrales-Lopez has always challenged the amount of the delay, and the government agreed in the conditional plea agreement that he could bring up that delay on appeal. And so here, we're challenging a subset of that entire four-year delay. It's the 70-day delay. I think, looking at the purpose of the Speedy Trial Act, this court should avoid finding that that claim is waived. First of all, the Speedy Trial Act is meant to protect not only Mr. Barrales-Lopez, but the public's right and interest in the speedy trial as well. And what that means is that the government and the district court should be able to do that. And so, Mr. Barrales-Lopez, you're right. I think the motion that was put in was a motion to make objection to the district court. That was not focused on the 30-day – excuse me, on the 70-day, right? It was on the 30-day, right? Well, that was one of the issues in the motion. Okay. But what was the motion focused on? Well, there were two parts of the motion. One specifically under the Speedy Trial Act, Your Honor, is correct, was the 30-day. Yeah. And then under the Speedy Trial right in the Sixth Amendment, Mr. Barrales-Lopez had challenged the entire length of the delay. And so the district court, in addressing that motion, went through and made factual findings. There's a very detailed order from the district court going through every portion of the delay, addressing it. And again, it's not on the statutory grounds of our argument here. It's on a different argument, which is a constitutional argument. But it's in support of the same claim. And I think what's important as well is when the government agreed that Mr. Barrales-Lopez could raise this delay in the conditional plea agreement, it, again, agreed that we could raise the entire delay. And we're raising a subset here. There's no prejudice to the government if this court addresses the 70-day delay. There's no factual issues for the district court to address at this point. All the court really has to look at is the docket sheet and see that the district court never made a finding on the record that these continuances were necessary in the interest of justice. That's really all that remains to be done. And the government has no defenses to this claim. The issue has been addressed by the district court. And I think that's... Now, when you say there are no fact issues, but part of the argument on appeal is that he didn't make the factual findings on the continuances, you mean at the time he entered them? Correct. There's a number, you know... So you're suggesting that had this been specifically raised, the district court wouldn't have addressed that issue? They were all done deals, so there was nothing for the district court to address? Correct. When the motion to dismiss came up, those continuances had already been granted without a finding on the record. So there's really nothing for the government to say at this point. And I think that's clear from the government's brief in which the government doesn't address the substance of our 70-day Speedy Trial Act argument. Those continuances were at the behest of the defendant, weren't they? They were. Some of them were to review discovery that the government hadn't yet provided his A file to raise substantive motions. And I think what's clear and bloat is even if it's the defendant that's requesting the continuances and it's not the government, the district court still has to make those specific findings on the record that granting the continuance is in the interest of justice. And, again, that's because the Speedy Trial Act is meant to protect the public as well as Mr. Barazza because his interest in the Speedy Trial Act. Okay. I'll reserve the remainder of my time for about almost a quarter. Any questions? Thank you. Good morning, Your Honors. May it please the Court. Aaron Clark for the United States on this case. The first thing I want to do is point out something that, having reviewed my briefing, is left unclear in the briefing, and that's how this case distinguishes from Palomba. That's exactly what I'd like to know. Which is the case that they rely on heavily. In this case, Your Honors, as you're aware, the government dismissed the complaint that was filed on November 13th. The same day it was filed, before the defendant was ever arraigned on the file, on the complaint. In Palomba, we have a case where the complaint was filed, including charges of mail fraud, and then the mail fraud charges in the complaint are left standing in the complaint. And when the indictment is issued 10 days later, it doesn't include the mail fraud charges, but they're still left standing in the complaint.  And so in Palomba, we have a case where those mail fraud charges were still left standing in that initial complaint. And that's why, as you see from Palomba, Palomba never reaches 3161B1. It solely looks to 3161B because the charges were never dismissed or dropped from that complaint, which is what we have here. And because they were dismissed here by the magistrate, we can invoke 3161B1 and the proper reading of that statute, as we're alleging, as we're arguing, is that it resets the speedy trial clock for those 30 days to the time when the charges are refiled here. And, Your Honors, there's a number of reasons why I think that that's the correct reading of the statute, including the fact that five other circuits at least have reached that same conclusion. This circuit in McCown, the case that we cited in our briefing, also reaches that conclusion, even though they're not addressing complaints in that case. They're addressing indictments. But still, their interpretation of 3161B1 is that it resets the clock to the filing of a new charge. And if the court is to look to the legislative history, which each of the other courts have done that have addressed this issue, the legislative history makes clear that 3161B1 is there to allow the government the latitude where a charge has been dismissed to be able to bring those charges again. And it notes that otherwise it would present an insurmountable burden for the government if we're required to perfect charges within 30 days of initially alleging them, even where those charges have been dismissed. I mean, the only thing that's really bizarre about it is, just as a matter of statutory interpretation, and the courts that have dealt with this have struggled with it, is that all D-1 does is refer you back to B and C, right? Yes. It doesn't say in the rule itself. It just says if the B and C apply. Yes. And then you look at B and C, which say that there has to be an information or indictment within 30 days from the arrest, not from the complaint. So that's what becomes very strange, because this guy was arrested a long time ago. Yes. On this complaint, right? No, he was never. No, not on the complaint. All right. What if it had been? What if the complaint were dismissed after he was arrested? Well, the complaint was dismissed after he was arrested, Your Honor. It was? Okay. Yes. Because what happened was, of course, we have the 2004 arrest, he escapes from custody, and then we catch him again in 2007. He's ultimately transferred to our custody on an arrest warrant on the 2004 indictment. He makes some statements to the agents, and one of those statements, he says, I went back to Mexico after I escaped. So a light pops in the head of the agents. All right. But when was he arrested, for purposes of your theory? He was arrested, Your Honor. On a state charge. He was arrested on a state charge in 2007. And then he was transferred to our custody on November 12th, 2008, the day before the complaint was filed. So I would say November 12th at the very latest, if not earlier. Okay. So then how ñ when does the 30 days on your theory about D1, when does it start running? Well, it starts running, Your Honor, when the complaint is filed. But that's the one thing the statute doesn't say. I recognize that the statute is unclear, Your Honor. And each of these ñ That's just unclear. It doesn't say anything about a time period running from the filing of the complaint. It does ñ that's true, Your Honor. But it does say that upon the dismissal or otherwise dropping of the complaint, you refer to the other provisions of the statute, which other circuits in this circuit have interpreted to be a resetting of the clock to the subsequent filing of these charges. So it's not the taking into custody from the state on November 12th that is the ìarrestî. You're saying that when the complaint was filed, and then that's the ìnewî ìarrestî event, and from that time what? From that time, we have 30 days to indict on the charge that we have filed the complaint for. Okay. So the complaint substitutes in for the arrest event, and then you have 10 days to either indict or dismiss without prejudice. 30 days, Your Honor. I'm sorry, 30 days. And I think that is key. I mean, I think perhaps it was a mistake in the appellant's briefing, but the appellant was never arrested on this complaint. This was something that was filed after he was arrested, kind of tacked on and then dismissed. And because of that, there's absolutely no harm to the defendant in what we've done here. Appellant has noted that the facts and circumstances of all the other circuit cases have been different, and they have been different, because this case is far more benign. This isn't a case where we've let 30 days lapse and then after the 30 days we've asked for dismissal without prejudice. This is a case where we asked for dismissal before he was even arraigned on a charge. But I'm a little bit curious about the fact that I'd like to find some support for this theory in the statute. So where is it that when the statute says shall be filed within 30 days from the date on which such individual was arrested or served with a summons, is the complaint the service with a summons? Is that what it is? Well, I don't think so, Your Honor. I mean, the statute seems to be contemplating the normal course of business where someone is arrested on the complaint because of an arrest warrant issues with the filing of the charge. Here we had somebody who was already in custody. Well, I mean, if he can come up with some way of reading the statute to come to a result, I understand it makes lots of sense. But he needs some way to read the statute that supports the result. And I guess I'm unclear on the Court's confusion here. It's that you believe that the statute reads that from the date of arrest, irrespective of when the complaint is filed? What I'm trying to understand is that D-1 says it has all the ifs and we understand all the ifs that apply here. Then what? The provisions of subsections B and C of this section shall be applicable with respect to such subsequent complaint, indictment, or information as the case may be. Well, maybe what you're saying is that with respect to such subsequent complaint is what substitutes in the complaint for the arrest? I believe so, Your Honor. Is that what you're saying? Yes. All right. We never said that before. Oh, well. Nor has any other court said it. The other courts keep saying, well, it doesn't literally say this, but this is what we're going to do anyway. I think so. Yeah. If those other circuits aren't as meticulous. Perhaps not. Your Honor, moving briefly to the 70 days fee trial act issue, I think that it is clear from the record that this issue was never raised before the district court. The district court has never had a chance to address a claim under section 3161C. They never had a chance to make any rulings on this type of claim, and there's never been a chance to make any findings on this type of claim. She said, counsel said, that the record's there. He didn't make any necessary findings. There's nothing more to be done. Well, I disagree that there's nothing more to be done. I mean, it's a claim that needs to be litigated. There need to be findings that either time was excluded or time was not excluded. Now, I recognize, and it's apparent from the fact that I don't address it in my brief, that I don't think we have a great chance if it's to reach the merits on whether the 70 days of the fee trial act have passed. But the district court needs to have a chance to at least make some record on that issue before it comes up for review on appeal. And I think the fact is that this claim was never raised before the district court in all of the seven continuances that were all at the defense request. I think it was the understanding of each of the parties that time was being excluded. I recognize that I could have done a better job in making sure that time was excluded, but I'm fairly certain that the district court thought it was excluding time. And if the claim had been raised before the district court, then it could have been resolved there. But it wasn't. And if the court looks to the appellate's briefing, that it is nowhere ever mentioned in the record that there is a claim that he was not brought to trial within 70 days. How could it have been resolved there? Meaning that it could have been the district court could have explained the record in some way that would have changed what the current appearance is or what? Perhaps, Your Honor. I'm not trying to say that the claim could definitely be salvaged. But as is noted from the clerk's record, the motion, the initial discovery motion that the defense filed was never actually noted as having been ruled upon. Now, I recognize that the defense says that it was resolved for all intents and purposes and there didn't seem to be any pending dispute. And while that may be true in the normal course, the discovery motion is usually continued to a date certain to make sure that it's still viable until all possible discovery issues are resolved. And the record doesn't support that here, but that's normally how the district judges operate in the Southern District of California. So, Your Honor, let me just finally note with a few seconds left. I think that if we're talking about fairness here, Mr. Barraza, his counsel, has pointed out that there's no prejudice to us if we are set back to have to re-mitigate this or decide whether or not this is dismissed without prejudice. The whole idea of the conditional plea, Your Honors, is to make sure that there aren't any surprises here on appeal, that the issues that are brought before the district court are the issues that are raised here on appeal. And I think that is tremendously prejudicial to us to have to litigate something that is essentially a surprise when the parties were in agreement on the issues that were supposed to be raised and this new issue is brought up. So, with that, Your Honors, if there are any other questions, I'm happy to answer them if not. Well, they've got to win something down there once in a while, don't they? I think they win plenty, Your Honor. They win plenty. Yeah. Thank you. Well, does anybody keep track of these times in your office? These times, Your Honor? Yeah. What times? The Speedy Trial Act. The Speedy Trial Act. The running of time periods that are relevant to the Speedy Trial Act. We're supposed to, yes. And generally, the clerks at the court are very meticulous about keeping track of those. That's why I said I certainly could have done a better job at making sure that the time was excluded. Well, you've got a long life ahead of you, and you'll be all right in the future. I hope so. Don't worry about it. Thank you, Your Honor. You'll know they programmed you at law school to worry about everything. It took me 50 years to get over it. You'll do better. I just have a few quick points. First of all, in answer to Judge Berzon's question about what there would be to resolve, these things, I think Judge Fischer said it earlier, this was done. It doesn't matter if the district court thought it was excluding time. It has to exclude time there at the hearing when it grants the continuance. So if this specific argument in support of the claim had been raised below, there would have been nothing. You have here a conditional plea where the prosecution agreed with you to allow a certain appeal, and that doesn't sound like it was it. I mean, the speedy trial, there was never a speedy trial determination ever raised and, therefore, never made on that issue. That's correct. It wasn't the 70-day clock issue was not raised or decided. Why isn't it just not within the plea waiver and that's the end of that? Well, I think for two reasons. One is, as the government pointed out, a conditional plea is supposed to present or prevent surprise on appeal, and there is no surprise here. Again, it's a big surprise. They never thought you were going to raise this issue because you never raised it before. Well, okay. I guess there's no prejudice to the government here. There's absolutely nothing to them. But that's not the question. Of course there's prejudice. Pardon? Of course there's prejudice. You think they would have entered into conditional plea if they knew you were going to undo the indictment on appeal? Well, I think they would have. Had we raised the 70-day issue there, I think that would have been it. I mean, in all candor, under bloat, there's nothing to do here. You know, the district court failed to make these findings, and that's it. But what's not it is that they did not agree as part of the plea to have you raise this issue. You said we were going to waive the issue that he decided. He didn't decide this issue, so you never agreed. You seem to have waived your right to appeal it, even if you're right that you could. Well, what they did agree that we could raise was the entire length of the delay. And so here we're raising a subset of that. We're raising the 70 days. And, again, if you look at the district courts, what is it? Which is a speedy trial act. Pardon? That's a speedy trial act argument, right? That is a specific argument in support of the claim that this entire delay was undue and prejudicial. But you had a speedy trial act, and the plea agreement talks about the constitutional and the speedy trial act. And the speedy trial act would have been, in a contractual negotiation, presumably understood to mean those that are based on the speedy trial act. But you're saying, well, you made a 30-day argument, and you didn't make a 70-day argument, but you made a constitutional argument, so actually you didn't even need to say speedy trial act. You could have said we want to appeal the constitutional issue, and that could have included the 30-day and the 70-day. But you went on and specified the speedy trial act. That was presented to the district court. I think that what we're saying is the first claim that was preserved there was the entire amount of the delay. And so one of the arguments was the constitutional. Kennedy, where is that? What are you looking at? Pardon? What? In the conditional plea agreement? Yes. It's on page 64 of the government's excerpt. Okay. That's page 2 of the agreement. And it's paragraph B, and then section 3 says dismiss the indictments for alleged violations of the Sixth Amendment and the Speedy Trial Act. And when you go back and look at the motion to dismiss the district court's order, under that Sixth Amendment delay claim, he went through and addressed the entire length of the delay, and we're now challenging the subset. Okay. Thank you. Thank you, Counsel. All right. So that will take care of the calendar for today, and we've got tomorrow to look forward to. Thank you. Thank you. All right. Thank you. Thank you.
judges: Pregerson, Fisher, Berzon